IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MONTOYA ANTHONY JONES,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Petitioner,　　)
　　　　　　　　　　　　　　　　　)　　　1:20CV720
　　　　　v.　　　　　　　　　　　)　　　1:00CR96-1
　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Respondent.　 )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted a document attacking the calculation of his

sentence by the United States Bureau of Prisons. Where a petitioner attacks the execution and

not the imposition of a sentence, his filing invokes 28 U.S.C. § 2241. See Setser v. United

States, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons . . . ultimately has to determine how

long the District Court's sentence authorizes it to continue [the defendant's] confinement.

[The defendant] is free to urge the Bureau to credit his time served in state court based on the

District Court's judgment that the federal sentence run concurrently with the state sentence

for the new drug charges. If the Bureau initially declines to do so, he may raise his claim

through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011).

And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241."); see

also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a

federal offender, the Attorney General, through the BOP, has the responsibility for

administering the sentence. . . . Federal regulations have afforded prisoners administrative

review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."). For this reason, the Court treated Petitioner's filing as a petition under § 2241. However, in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). It appears that Petitioner is incarcerated at FCI Victorville located in the Central District of California. Accordingly, Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there. The address for the Clerk in the Central District of California is: 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012-4565.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district after exhausting any available administrative remedies.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 11th day of August, 2020.

_____
Joe L. Webster
United States Magistrate Judge

2